### JAMES PUFFER *vs.* HENRY G. CLARK.

If the owner of the equity of redemption of land which is subject to two mortgages, upon the first of which possession has been taken for the purpose of foreclosure, purchases and takes an assignment of both mortgages, and enters into possession of the premises, paying in full for the first mortgage, and for the second giving his note payable in three years, upon condition that the title to the land then be vested in him by a good and indefeasible title under foreclosure of the first mortgage, and it appears that by the purchase of the two mortgages he became the owner of the whole title, he is liable upon his conditional note, although the net rents and profits received by him within three years amounted to more than the debt secured by the first mortgage.

CONTRACT by the executor of the will of David Jones, deceased, upon the following promissory note:

" $1600. Boston, June 19, 1858. For value received I promise to pay to David Jones, Esq., or order, sixteen hundred dollars, in three years from this date, with interest to be paid semiannually at the rate of six per centum per annum; provided that the title of the real estate in Butolph and South Russell Streets then be vested in me, my heirs or assigns, by a good title and indefeasible under foreclosure of a mortgage this day assigned to me by said Jones, which mortgage is recorded in lib. 508, fol. 253, of Suffolk deeds.          Henry G. Clark."

It was agreed in the superior court that on the 29th of September 1843 William W. Pratt, being the owner of the real estate referred to in the note, mortgaged the same to Belinda and Almira Davis to secure a promissory note for $500, payable in five years from date, and the mortgage was duly recorded in the book and page therein named; and on the 13th of November 1852 an assignment of the same was executed by the grantees therein to David Jones, and duly recorded. On the 8th of June 1846, Pratt conveyed the premises subject to the aforesaid mortgage to Charles Peirce; and subsequently proceedings in insolvency were instituted against Peirce, the first publication of notice being made on October 24th 1846, and an assignment of his estate was duly executed to William A. Crafts, as assignee in insolvency, who, on the 11th of April 1858, for $200, conveyed to the defendant all the interest in the premises which vested in him by virtue of said assignment. On the 4th of September 1847 Peirce mortgaged the premises to Jones to secure a promissory note for $2000, payable in three years from date, covenanting that they were free from all incumbrances except the prior mortgage. On the 14th of June 1858, Jones entered upon the premises for the purpose of foreclosure, under the first mortgage, according to the statute, and his proceedings were duly recorded; and on the day following signed assignments of both mortgages to the defendant, which assignments were acknowledged on the 19th of June 1858, when the defendant paid to him the whole amount due upon the first mortgage, and executed the note in suit for $1600, which was the amount then due upon the note which the second mortgage was given to

secure. Since that time the defendant has been in the quiet and peaceable possession of the premises, and it was agreed that the said deeds and mortgages show that the whole title was in him, and that the note in suit was given for the amount due upon the second mortgage, and for no other consideration than the assignment thereof, and of the first mortgage. It was also agreed that the net rents of the premises received by the defendant within three years after possession was taken under the first mortgage amounted to more than the sum due thereon.

Upon these facts, judgment was rendered in the superior court for the plaintiff, and the defendant appealed to this court.

*D. Foster*, for the defendant. Peirce had no title to the premises when he executed the second mortgage to Jones, because his title had been divested by the proceedings in insolvency against him. The note was therefore given for an invalid and worthless title. And the condition of the note has never been fulfilled. The debt secured by the first mortgage was extinguished by the rents received. 1 Washburn on Real Prop. 581, 589. *Gibson* v. *Crehore*, 5 Pick. 145. The title of the defendant was not acquired, therefore, by a foreclosure of the mortgage, but by his purchase from the assignee of Peirce. But his object was to hold under the first mortgage. The case should therefore be treated as if an unknown incumbrancer had come in. The language of the note and his manifest purpose and intent show that he was to pay, if by virtue of the first mortgage he got a protection against intervening incumbrances; and it is immaterial that none such in fact appeared.

*N. Wood*, for the plaintiff.

HOAR, J. The defence of want of consideration cannot be sustained. The defendant received the transfer of a promissory note for $2000, on which $1600 was due; and the assignment of a mortgage to secure it, made with full covenants of warranty by the person in possession of the mortgaged estate. This was a consideration sufficient to support this note, in the absence of fraud, whether the title of the mortgagor proved to be good or otherwise.

But the defendant contends that the condition upon which

his note was made payable has not been fulfilled. The promise was to pay $1600 in three years from date, with interest semi-annually, " provided that the title of the real estate in Butolph and South Russell Streets then be vested in me, my heirs or assigns, by a good title and indefeasible under foreclosure of a mortgage this day assigned to me by said Jones." To ascer-tain the meaning of this condition, it is necessary to consider the circumstances under which the note was given, and the rela-tion of the parties to the contract.

The plaintiff's testator held by assignment a mortgage on the estate, made in 1843, which was a valid and unquestioned secu-rity for $500. Peirce, the owner of the equity of redemption under this mortgage, had in 1846 taken the benefit of the in-solvent law, by which his title appears to have passed to his assignee. But he continued in possession ; the assignee, for some reason which is not apparent, making no claim to the estate ; and in 1847 made a second mortgage to the plaintiff's testator for $2000, on which $1600 remained due in 1858. This second mortgage was with full covenants of warranty, and the interest was regularly paid. The value of the estate appears to have been such as made the security on both mortgages ample, and the validity of the second mortgage was not questioned by the assignee. The defendant then, in 1858, undertook to acquire a perfect title for himself. He first took a conveyance by quit-claim from the assignee of Peirce, dated April 11, 1858, for the consideration of $200. He then, on the 19th of June 1858, took from the plaintiff's testator an assignment of both mort-gages, possession for the purpose of foreclosure under the first having been taken on the 14th of June 1858; and it is agreed that these conveyances gave him a perfect title to the estate. He paid for the $500 mortgage the full amount due upon it, and gave this conditional note for the rest of the conveyance.

What then could have been the meaning which the parties attached to the phrase, " indefeasible under foreclosure of a mortgage," in this condition ? It is evident that if the meaning simply was that the right of redemption of that mortgage should be barred, it was barred at the moment the mortgage

was assigned, as completely as it is now, or ever could be. The whole equity of redemption being then vested in the defendant, the title of mortgagor and mortgagee merged in him, there being no intermediate estate to keep the mortgage alive as a separate estate. There seems to have been no reason why the defendant would be willing to pay $1600 in case some adverse claimant should appear, and, having the right to redeem the first mortgage, should yet neglect to do so ; and agree to pay nothing if the title proved perfect without any such claim appearing. The foreclosure of the first mortgage would add nothing to the value of the second.

But the defendant now contends that not only has the first mortgage not been "foreclosed," technically speaking, but that he has gained no title to the estate under it, because it has been paid and satisfied by the receipt of the rents and profits within three years after possession was taken. Whether, after possession taken for the purpose of foreclosure, and held without accounting for three years under the statute, it is competent for any person owning the equity of redemption to show that the mortgage has been paid by the rents and profits, and to sustain a bill for redemption, is a question certainly not free from difficulty, and upon which we express no opinion. But if such a right would exist, then as the value of the estate was plainly sufficient to pay the first mortgage within three years, there was no possibility that a foreclosure of the mortgage could take place. The act of the defendant in taking the rents and profits has made the performance of the condition on which the note was payable impossible. The note would then amount, in substance, to a wager of $1600 by the defendant, that the profits of the estate would amount to $500 in three years.

We are of opinion that no such absurdity was contemplated by the parties. They considered the value of the second mortgage questionable. Possession had been taken under the first mortgage, and they supposed that at the end of three years, if it should not be redeemed, the title would be perfect. If at the expiration of that time the defendant should find himself in undisturbed possession of the land, and no person should then be

found to have a right to redeem it from the first mortgage, he was willing to pay the remainder of the consideration of his purchase, and to pay interest upon it until the fact should be ascertained.

The three years have passed. The defendant holds the land by a good title and indefeasible. He holds it under his mortgage; that is, under the merger of the mortgage in the equity of redemption, uniting the two estates of mortgagee and mortgagor in his own person. The mortgage is "foreclosed," in the sense that no one has the right to redeem it, or to call him to account under it; and this was the only reasonable meaning which the parties could have attached to the word "foreclosure" in the condition of the note.

*Judgment for the plaintiff upon the facts agreed.*